IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD M. BRYANT,

      Plaintiff,                         No. CIV S-04-0991 DFL DAD P

   vs.

JEANNE WOODFORD, et al.,

      Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action by which he seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint is before the court for screening.

        The district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the prisoner's claims are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court is required to accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his amended complaint, as in his original complaint, plaintiff names as defendants Jeanne Woodford, former director of the California Department of Corrections ("CDC"), and Rick Grenz, administrator of rules and regulations for the CDC. Plaintiff alleges that the family visiting program was revised in 1997 so that family visiting is now denied to inmates who are serving a life sentence and do not have an established parole and/or release date.

Plaintiff alleges that the revised family visiting policy violates his rights under the Due Process Clause, which prohibits the government from depriving individuals of life, liberty, and property without due process of law. Plaintiff further alleges that prisoners serving life sentences have been singled out arbitrarily for disparate treatment and have been deprived of the right to receive the same treatment provided to other prisoners who are similarly situated. Plaintiff claims that the new regulation is discriminatory against inmates serving life sentences because prisoners have a fundamental liberty interest in marital privacy, familial association, and procreative liberty and no prisoner can be deprived of those interests without an individualized assessment of the threat, if any, posed by the prisoner to institutional security. Plaintiff alleges that he has been allowed to marry but has not been allowed to consummate his marriage, thereby placing a burden on his wife and family that will lead to a breakdown in communication and then to separation and divorce. Plaintiff claims that preventing him from consummating his marriage is an infringement on his First Amendment right to practice his religion because the laws governing his religion provide that his marriage should be dissolved if it is not consummated. Plaintiff also claims that his family ties are being severed due to defendants' actions and that such a result is inconsistent with state law.

3

1    Plaintiff alleges exhaustion of administrative remedies with regard to the facts of
2 his pleading.  Attached to the amended complaint are copies of an inmate appeal submitted on
3 August 5, 2001, and the decisions rendered at each level.  (Pl.'s Am. Compl., Ex. A.)
4    Plaintiff seeks declaratory relief, a permanent injunction prohibiting the
5 defendants from denying family visits to plaintiff, and an injunction prohibiting retaliatory
6 actions against plaintiff for filing this action.
7    The undersigned finds that plaintiff's due process challenge fails to state a
8 cognizable claim.  While prisoners retain those constitutional rights that are not inconsistent with
9 their prisoner status or with the legitimate penological objectives of the corrections system, the
10 Due Process Clause of the Fourteenth Amendment does not guarantee a right to family visits.[1]
11 See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989) (holding that the
12 denial of prison access to certain visitors "'is well within the terms of confinement ordinarily
13 contemplated by a prison sentence, and therefore is not independently protected by the Due
14 Process Clause'"); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (holding that the right
15 of intimate association, which includes cohabitation with one's spouse, is necessarily abridged
16 during incarceration and that such loss "is simply part and parcel of being imprisoned for
17 conviction of a crime").  See also Turner v. Safley, 482 U.S. 78, 95-96 (1987).  Although "States
18 may under certain circumstances create liberty interests which are protected by the Due Process
19 Clause," those circumstances are generally limited to freedom from restraint that "imposes
20 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
21 life."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  A prison policy that denies family visits
22 does not impose atypical and significant hardships because an inmate's inability to visit his
23 family is an ordinary incident of prison life.  Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th
24 Cir. 1986) (observing that denial of contact visits "is part of the penalty that criminals pay for

---

[1] Family visits are "extended and overnight" visits between inmates and members of the inmate's immediate family.  Cal. Code Regs. tit. 15, § 3174.

4

their offenses against society"). See also Sandin, 515 U.S. at 485-86; Kentucky Dep't of Corrections, 490 U.S. at 461.

        The undersigned finds that plaintiff's equal protection challenge also fails to state a cognizable claim. Because the CDC's family visiting policy does not implicate either a suspect class or a fundamental right, a highly deferential rational basis standard applies to plaintiff's equal protection claim. See Heller v. Doe, 509 U.S. 312, 319-21 (1993) "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." Id. at 319. Restrictions on family visiting in prisons have been found to be rationally related to legitimate governmental objections of public safety and institutional security. See Block v. Rutherford, 468 U.S. 576, 586 (1984) ("That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion."). Plaintiff has not alleged any facts that demonstrate or even suggest that he was treated differently from similarly situated inmates. See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 926 (9th Cir. 1993). See also City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (holding that the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike").

        The undersigned has liberally construed plaintiff's administrative appeal as raising or at least implying due process and equal protection claims. However, plaintiff's administrative appeal states no facts or arguments that can be construed as having put prison officials on notice of plaintiff's claim that preventing him from consummating his marriage infringes on his First Amendment right to practice his religion. Congress has mandated exhaustion of prison administrative procedures regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The district court is required to dismiss a claim without prejudice where a prisoner failed to exhaust administrative remedies on that claim prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam) (concluding that it would undermine attainment of congressional objectives to permit a prisoner to exhaust

administrative remedies while proceeding with a federal suit).  Plaintiff's First Amendment claim should be dismissed without prejudice for failure to pursue and exhaust administrative remedies on that claim prior to filing this action.

Plaintiff's amended complaint fails to state any claim upon which relief may be granted at this time.  The undersigned finds that further amendment of the pleading would not result in the statement of a valid claim cognizable in this court at the present time.  The amended complaint should therefore be dismissed without leave to amend.  See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

DATED: December 13, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brya0991.56